Steven L. Eastman
Kathy A. Eastman
754 Lynn Lane
Central Point, Oregon 97502
Phone: 541-840-8580
"Pro Se"

FILED'08 APR 11 11:42 USDC-ORM

# IN THE DISTRICT COURT OF THE UNITED STATES
## SOUTHERN DISTRICT OF OREGON

| | |
|---|---|
| Steven L. Eastman,<br>Kathy A. Eastman,<br>　　　Plaintiffs<br><br>　　　v.<br><br>Art Anderson,<br>Joe Thomas,<br>Oregon Department of Transportation<br>ANY AND ALL DOES.<br>　　　Defendants | CASE NUMBER 08-3043-CL<br><br>Title 42 1983<br>Complaint for Damages |

## PARTIES

1. The Plaintiffs, Steve L. Eastman and Kathy A. Eastman, husband and wife (hereinafter Plaintiffs), are Private Citizens of Oregon "State" and own a piece of land situated within the city limits and jurisdiction of Medford, Oregon "State" and can sue or be sued.

2. The Defendant, Art Anderson, in his private capacity, hereinafter Defendant Anderson (or Defendants collectively), is a citizen of Jackson County, Oregon, and can sue and be sued.

1

3. The Defendant, Joe Thomas, in his private capacity, hereinafter Defendant Thomas (or Defendants collectively) is allegedly a citizen of Jackson County, Oregon, and can sue and be sued.

4. The Defendant, Oregon Department of Transportation, and other interested parties, hereinafter Defendant, (or Defendants collectively) is a political subdivision of the "State" of Oregon and can sue and be sued.

## VENUE

5. All parties are either owners on, or a political subdivision of or part of the District, State of Oregon therefore, venue is proper.

## JURISDICITON

6. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. 1983, 28 U.S.C. 2201, 2202, 28 1331, 1343(a) and 28 U.S.C. 1367 (a).

## FACTS OF THIS CASE

7. Plaintiffs owned a very popular business since the year 2001 named Big Boys Toys and Alloys which was located on a piece of private property with its store front facing Crater Lake Highway. This location had a traffic count of around 40 thousand vehicles per day.

8. Defendants Department of Transportation, Anderson, and Thomas were in charge of the North Medford Interchange Construction Project. The Defendants would repave and re-design a section of Highway 62 and all the access's. This project, as the Defendants claim, would "add safety and better adds driver expectations"

9. During the time of the highway construction and the denial of adequate access to Plaintiffs' business property sales dropped dramatically and below profitable monthly

expenses. This caused Plaintiffs to borrow additional capital just to try and meet monthly business expenses.

10. Plaintiffs had been at this location since November of 2003. Just prior to the construction and the denial of adequate access, Plaintiffs had spent $60,000.00 for an electronic message center (company sign) to attract the 40,000 citizens passing by every day.

11. Just prior to the construction and the denial of adequate access, Big Boys Toys and Alloys had seen strong continuous growth and customer loyalty. Since Plaintiffs located to 2625 Crater Lake Hwy. had gross sales of over $2,000,000.00 for the first 3 years.

12. Just prior to the construction and denial of adequate access, Plaintiffs produced a new television program called, "Trick Your Truck". This program consisted of a 30-minute Television show that was professionally produced by KTVL and CBS and aired on prime time TV. This whole television project took six months to put together and was geared towards future sales.

13. On or about the summer of 2005, ODOT, led by Defendant Anderson and Thomas completely REMOVED the Eastern access (without any prior notification as required by Division 51, Highway Approaches, Access Control, Spacing Standards and Medians Section 734-051-0275 (2) (3a) ) driveway for at least 9 months. Plaintiff has information that Frazier Construction, a subcontractor to ODOT and directed by Anderson and Thomas, was reluctant to remove that entrance but did it anyway because they were ordered to.

14. Approximately 2 weeks after the removal of the eastern access the Defendants Anderson and Thomas did personally meet at Plaintiffs' business, and in front of local businesses owners (who were witnesses), the Defendants committed to reinstalling the pre-existing access back to its original state. This was a unanimous decision by all with overwhelming support, and it was agreed by Defendants that the east entrance would be reconstructed, because without it, there was detriment to the Plaintiffs' business.

15. Several weeks later Plaintiff personally called Defendant Anderson and now was informed that "we will not be re-installing that eastern entrance as once agreed".

16. Another meeting was then agreed to and arranged at Plaintiffs' business with Defendants Anderson and Thomas. With many witnesses present, Defendants agreed once again to re-install the eastern entrance for the "safety for the all motorists". This took at least 9 months to re-install.

17. A detailed map located at www.oregon.gov/ODOT/HWY/REGION3/images/north_interchange_map.jpeg details the extent of the project construction zones the Defendants portrayed to the citizens as the limitations of the construction zones. Defendants exceeded the construction zones beyond what was claimed to the public and into Plaintiffs' place of business.

18. On or about the summer of 2005 ODOT and its agents and employees did pour a cement curb on Highway 62 between the eastbound and westbound traffic denying access to the eastbound customers to Plaintiffs' driveway access. In the "Special Notice North Medford Interchange Construction Project" letter dated August 10, 2005

there was an attached project plan which makes clear the ending of the cement curb. Defendants poured and installed this concrete divider far beyond the scale of the Defendants' map thereby blocking the eastbound traffics driveway access to Plaintiff's business.

19. Plaintiffs' business had a significant clientele dealing with large recreational vehicles such as motor homes, fifth-wheels and boats ranging in lengths of up to fifty feet.

20. On or about summer 2005 Defendants removed the already pre-existing wide shoulder and replaced it with cement curbing deleting the wide shoulder that was needed to safely exit and enter the Plaintiffs' property. This was not only detrimental to the motor-homes and fifth-wheels but the average-size vehicles as well.

21. Since the installation of the cement curbing and narrowing of the access driveway the Defendants did not complete the clean up of their black plastic environmental barrier. This caused a severe overgrowth of the vegetation (weeds 4ft tall) along the road thereby completely blocking the view and exposure of the access driveway. Defendants did intentionally mow down the adjacent properties, completely neglecting the Plaintiffs' property. This caused a severe loss in sales to the Plaintiffs' business.

22. On or about the summer of 2005 the Defendants and their agents did drive heavy equipment on Plaintiffs' property, breaking the main water supply line to the Plaintiffs' property on two different occasions preventing any water access to Plaintiffs' place of business. Water was needed to operate the well-established detail shop located within Plaintiffs' business.

23. Because of the lack of business, directly related to Defendants' actions, the Plaintiffs had to close doors to the business in November of 2006.

24. Because of the actions directly relating to Defendants both Plaintiffs on or around November 8th of 2004 had suffered severe anxiety attacks, depression, high blood pressure, hypertension and insomnia.

25. This progressed into coronary heart disease which led to two separate stint operations done on April of 2005 and January 5th 2006 on Plaintiff Steve. Dr. Heyerman of Medford Providence Hospital did directly relate the health problems to the stress from the loss of Plaintiffs' business.

26. Plaintiffs' stress was so severe Plaintiff Steve had to have a CABGX 5 (five-way bypass) April 27, 2007.

27. On or around January 2007 Plaintiffs were forced to seek Chapter 7 Bankruptcy protection because of the severity of debt caused by Defendants' actions.

28. Plaintiffs have sought Administrative remedy through the Department of Administrative Services, Risk Management and a final denial of the claims above was determined and denied on February 29, 2008. Administrative remedies have been exhausted.

**FIRST CAUSE OF ACTION**

29. Plaintiffs adopt and re-allege Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

30. On or about the summer 2005 ODOT, led by Defendant Anderson and Thomas, acting under color of law, completely <u>REMOVED</u> the Eastern access (without any prior notification) driveway for at least 9 months. Plaintiff has information that (Frazier Construction, a subcontractor to ODOT and directed by Anderson and Thomas) was reluctant to remove that entrance but did it anyway because they were ordered to.

31. In fact, under Division 51 of the Highway Approaches, Access Control, Spacing Standards and Medians, Section 734-051-0275 (2) states: "The Department <u>shall</u> provide written notification of the intent to remove an approach under section (1) of this rule as required by ORS 374.305, 374.307 and 374.320".

32. In fact, no written notice was given to Plaintiffs for the removal of the approach.

33. Defendants did enter upon and extinguish rights of the Plaintiffs, to the bitter end of restricting access to Plaintiffs' place of business.

34. Defendants Anderson and Thomas, under color of law did make the determination to remove an already existing needed driveway to access Plaintiffs' place of business. Defendants did falsely represent to Plaintiffs they would then re-install the driveway and within several weeks decided not to honor their agreement. However, after another personal meeting with the Plaintiffs decided to go ahead and re-install the driveway. Some nine months had passed and the whole time the Plaintiffs' sales had diminished and the negative effects were irreversible.

35. The Defendants ODOT, Anderson and Thomas did, under color of law, trespass upon Plaintiffs' rights, without due process of law, without probable cause and without proper orders, to deprive the Plaintiffs and their customers their rights to property, right to make a living, liberty and their pursuit of happiness.

## SECOND CAUSE OF ACTION

36. Plaintiffs adopt and re-allege Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

37. Plaintiffs bring this cause of action for the denial of a pre-existing access to the Plaintiffs' property.

38. In Fact, Defendants did pour a cement divider on Highway 62 between the eastbound and westbound traffic denying access to the eastbound customers to Plaintiffs' driveway access.

39. The Plaintiffs notified the Defendants just days after pouring the cement divider that it was two long by at least 42 feet and was obstructing access to Plaintiffs' business. The Defendants then partially removed the cement divider only to leave the 42 feet unpaved and unfinished with safety cones now blocking the same access for at least 9 months.

40. The Defendants ODOT, Anderson and Thomas did, under color of law, trespass upon Plaintiff's rights, without due process of law, without probable cause and without proper orders, to deprive the Plaintiffs and their customers their rights to property, right to make a living, liberty and pursuit of happiness.

## THIRD CAUSE OF ACTION

41. Plaintiffs adopt and re-allege Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

42. On or about the summer of 2005 Defendants removed the already existing wide shoulder and replaced it with cement curbing deleting the wide shoulder that was needed to safely exit and enter the Plaintiffs' property. This was not only detrimental to the motor-homes and fifth-wheels and the average-size vehicles as well.

43. In fact, the Plaintiffs' business sales were greatly affected and sales diminished because of the Defendants' actions.

44. The Defendants ODOT, Anderson and Thomas did, under color of law, trespass upon Plaintiffs' rights, without due process of law, without probable cause and without

proper orders, and did deprive the Plaintiffs and their customers their rights to property, right to make a living, liberty and pursuit of happiness.

## FOURTH CAUSE OF ACTION

45. Plaintiffs adopt and re-allege Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

46. Since the installation of the cement curbing and narrowing of the access driveway the Defendants did not complete their clean up of their black plastic environmental barrier. This caused a severe overgrowth of the vegetation (weeds 4ft tall) along the road thereby completely blocking the view and exposure of the access driveway. Defendants did intentionally mow down the adjacent properties completely, neglecting the Plaintiffs' property. . Defendants would not allow Plaintiffs to cut down the vegetation.

47. In fact, the Plaintiffs' business sales were greatly affected and sales diminished.

48. The Defendants ODOT, Anderson and Thomas did, under color of law, trespass upon Plaintiffs' rights, without due process of law, without probable cause and without proper orders, did deprive the Plaintiffs and their customers their rights to property, right to make a living, liberty and pursuit of happiness.

## PRAYER FOR RELEIF

49. Wherefore, Plaintiffs ask this court to grant the above relief in the amount of $2,000,000.00 (2 million) in compensatory damages.

50. Wherefore, Plaintiffs ask this Court to grant the above relief in the amount of $5,000,000.00 (5 million) in punitive damages.

51. Award Plaintiffs the costs of this action; and

52. Award Plaintiffs any other and further relief that this Court deems just and proper.

53.   Jury trial if needed.

Dated this __11__ day of __April__, 2008        _/s/ Steven L. Eastman_

                                                   Steven L. Eastman

                                                   _/s/ Kathy A. Eastman_

                                                 Kathy A. Eastman

## VERIFICATION OF COMPLAINT

We, Steven L. Eastman and Kathy A. Eastman, citizens of the United States, and residents of Medford Oregon and the Plaintiffs in this case, hereby declare that we have read the foregoing Complaint and the factual allegations therein, and the facts as alleged therein are true and correct.

Date  4-11-08

                                                 _/s/ Steven L. Eastman_
                                               Steven L. Eastman

                                               _/s/ Kathy A. Eastman_
                                               Kathy A. Eastman