FILED'08 MAY 09 1452USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN L. EASTMAN; and
KATHY A. EASTMAN,

           Plaintiffs,

    v.

ART ANDERSON; JOE THOMAS;
OREGON DEPARTMENT OF
TRANSPORTATION; and DOES,

           Defendant.

Civil No. 08-3043-CL

ORDER TO PROCEED IN FORMA
PAUPERIS AND REPORT AND
RECOMMENDATION TO DISMISS

CLARKE, Magistrate Judge:

    IT IS ORDERED that the provisional *in forma pauperis* status given plaintiff is

confirmed. However, for the reasons set forth below, plaintiffs' complaint against defendant

Oregon Department of Transportation should be dismissed on the bases that plaintiffs seek

monetary relief against this defendant who is immune from such relief and because they fail to

state a claim for relief against this defendant. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiffs Steven L. Eastman and Kathy A. Eastman, proceeding pro se, have filed a 42

U.S.C. § 1983 complaint for damages against the Oregon Department of Transportation

    1 -    ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND
RECOMMENDATION TO DISMISS

(ODOT), alleged to be "a political subdivision of the 'State' of Oregon and can sue and be sued," (Compl. ¶ 4); and Art Anderson and Joe Thomas, each of whom are sued in his "private" capacity, (Compl. at ¶¶ 2 & 3). Plaintiffs allege that, during a highway construction project which defendants were in charge of, defendants denied adequate access to plaintiffs' business property resulting in damage to them.

### STANDARDS

A complaint filed *in forma pauperis* "shall" be dismissed if the court determines that the action is frivolous or malicious; it fails to state a claim on which relief may be granted; or it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2006); see Lopez v. Smith, 203 F.3d 1122, 1124, 1126-27, 1130 (9th Cir. 2000) (en banc). Section 1915(e) applies to all in forma pauperis complaints filed in federal court. Lopez, 203 F.3d at 1126 n.7; Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) [former § 1915(d)]; Lopez v. Dept. of Health Servs., 939 F.2d 881, 882 (9th Cir. 1991). If a complaint is dismissed on the ground that is fails to state a claim for relief, the court retains the discretion to make the dismissal with leave to amend or without leave to amend. Lopez, 203 F.3d at 1124, 1130; see Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998). A plaintiff seeking monetary relief from persons who are immune from suit are properly denied *in forma pauperis* status. Calhoun, 254 F.3d at 845 (and cases cited).

In civil rights cases involving a plaintiff who is proceeding pro se, the court construes the pleadings liberally and affords plaintiff the benefit of any doubt. McGuckin v. Smith, 974

2 -    ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

F.2d 1050, 1055 (9th Cir. 1992), overruled on another ground by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

### DISCUSSION

Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983, which provides in pertinent part that, "every person who subjects or causes to be subjected any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party in an action at law . . . ."  Plaintiffs allege claims for damages against ODOT, which they acknowledge is a political subdivision of the State of Oregon.  "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court."  Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003).  In the absence of express consent by the state, the Eleventh Amendment to the United States Constitution bars actions against the state or its agencies or departments by a citizen of the state.  Welch v. Tex. Dept. of Highways & Pub. Transp., 483 U.S. 468, 472 (1987); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Papasan v. Allain, 478 U.S. 265, 276, 278 (1986); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991); Thompson v. City of Los Angeles, 885 F.2d 1439, 1442-43 (9th Cir. 1989).  The enactment of 42 U.S.C. § 1983 was not intended to overcome a state's Eleventh Amendment immunity from suit.  Edelman v. Jordan, 415 U.S. 651, 675 (1974).  A state is not a "person" for purposes of 42 U.S.C. section 1983.  Id.; Thompson, 885 F.2d at 1442-43 (governmental entities considered to be arms of the State for Eleventh

3 -    ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

Amendment purposes not "persons" under section 1983).

The District of Oregon has found that ODOT is a state agency which is immune from suit under the Eleventh Amendment. AT&T Commc'ns-E., Inc. v. BNSF Ry. Co., Civil No. 06-866-HA, 2006 WL 3408035, at *4-*6 (D. Or. Nov. 27, 2006); Murrell v. Union Pac. R.R. Co., Civil No. 06-97-AA, 2007 WL 4171549, at *1 (D. Or. Nov. 18, 2007) ("ODOT and the State are immune under the Eleventh Amendment"); see Tyler v. Horizon Project Inc., 26 F. Supp.2d 1250, 1253 & n. 4 (D. Or. 1998) (action against State of Oregon by and through its Department of Transportation (ODOT); plaintiff conceded that the State had not waived its immunity).

Accordingly, plaintiffs' complaint against defendant ODOT should be dismissed on the ground of Eleventh Amendment immunity. See McKinney v. Oklahoma, 925 F.2d 363, 364-65 (10th Cir. 1991) (affirming dismissal of civil rights action under section 1915 *in forma pauperis* statute where district court found that Eleventh Amendment barred plaintiff from seeking money damages against State agency); Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997) (same). Also, because defendant ODOT is an arm of the state for Eleventh Amendment purposes, plaintiffs fail to state section 1983 claims against it. See Thompson, 885 F.2d at 1442-43 (because University of California is arm of state under Eleventh Amendment, it is not a person within meaning of § 1983 and dismissal for failure to state claim affirmed).

Plaintiffs allege that defendants Anderson and Thomas, who are sued in their "private" capacities, were acting under color of law when they took the actions they did. A section 1983 claim against a public official in his individual capacity, for damages, is not barred by the Eleventh Amendment. Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990).

4  -    ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiffs' action be dismissed as to defendant Oregon Department of Transportation, and that plaintiffs be given thirty (30) days from the date of the Court's Order to amend their complaint omitting the Oregon Department of Transportation as a defendant; and that plaintiffs be advised that failure to file an amended complaint will result in the dismissal of this proceeding.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

*Objections to this Report and Recommendation, if any, are due by May 26, 2008. If objections are filed, any responses to the objections are due 14 days after the objections are filed.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___9___ day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

5 -   ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS