FILED'09 JAN 06 08:40USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEVEN L. EASTMAN; and KATHY A. EASTMAN, | Case CV 08-3043-CL |
| Plaintiffs, | **ORDER** |
| v. | |
| ART ANDERSON; and JOE THOMAS, | |
| Defendants. | |

CLARKE, Magistrate Judge.

This is an action brought by pro se plaintiffs. It is anticipated that defendants will file a motion for summary judgment against some or all claims in plaintiffs' amended complaint. **If defendants' motion is granted, it would result in dismissal of some or all of plaintiffs' claims against defendants.** Although it is not required, the Court is issuing this order to inform plaintiffs of the requirements of Federal Rule of Civil Procedure Rule 56 and Local Rule 56, which govern motions for

summary judgment.[1]

Motions for summary judgment are governed by Federal Rules of Civil Procedure 56. A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986). A party seeking summary judgment bears the initial responsibility of informing the Court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).

If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense. <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991). The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. <u>Matsushita Elec.</u>

---

[1] A copy of Local Rule 56 is enclosed with this Order. On the Court's website, www.ord.uscourts.gov, the Court's Local Rules can be accessed by selecting the link "Local Rules of Practice and Procedure," and the Federal Rules of Civil Procedure can be accessed by first selecting the link "Federal Judicial Resources," and then by selecting "Federal Rules of Civil Procedure."

Order - 2

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The nonmoving party must come forward with sufficient evidence demonstrating to the Court that there are genuine issues of material fact to be decided at trial. Fed. R. Civ. P. 56(e). The nonmoving party may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 324. The existence of a genuine issue of material fact may be demonstrated through the use of affidavits and discovery materials such as depositions, answers to interrogatories, admissions, or other admissible evidence. Celotex Corp., 477 U.S. at 324; see also Fed. R. Civ. P. 56(c) & (e). "Rule 56(e) requires that the adverse party's 'response,' not just the adverse party's various other papers, 'set forth specific facts' establishing a genuine issue." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

If the nonmoving party fails to respond with evidence that contradicts the moving party's evidence creating a genuine issue of material fact, the court will take the facts set forth by the moving party as true, and this failure could result in the entry of summary judgment against the nonmoving party and dismissal of the nonmoving party's claims. See Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979). If the record taken as a whole could not lead a rational trier of

fact to find for the nonmoving party, there is no genuine issue for trial, and summary judgment will be entered in favor of the moving party. <u>Matsushita</u>, 475 U.S. at 587 (citing <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 289 (1968)). The granting of a motion for summary judgment could result in the dismissal of the case without a full trial. <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998).

Furthermore, summary judgment motions are governed by Local Rule 56. Pursuant to that rule, opposition to a motion for summary judgment must be accompanied by a separate concise statement that (1) accepts or denies each fact set forth in the defendants' concise statement; or (2) specifically opposes defendants' contention or interpretation of an alleged undisputed material fact; and/or (3) articulates other relevant material facts omitted by defendants and necessary to determination of the motion for summary judgment. Local Rule 56(b).

The separate concise statement should be set forth in numbered paragraphs as to each fact, and should refer to the specific portion of the record where the fact is found. "A party must cite to a particular affidavit, deposition, or other document (indicating both page and line number references where appropriate) supporting the party's statement, acceptance, or denial of the

Order - 4

material fact." Local Rule 56.1(c)(1). As a general rule, the concise statement of facts should not exceed five pages. Local Rule 56.1(d). The court has no independent duty to search and consider any part of the record not referenced in the parties' separate concise statement of facts. Local Rule 56.1(e); see Carmen, 237 F.3d at 1028-31. Finally, <u>upon failure to submit a separate concise statement of material facts in opposition to defendants' concise statement specifically denying or otherwise controverting defendants' concise statement, the material facts set forth in defendants' concise statement will be deemed admitted for purposes of the motion for summary judgment</u>. Local Rule 56.1(f).

Plaintiffs shall have fourteen (14) days from the date defendants file their motion for summary judgment to file a response to defendants' motion in accordance with the requirements of Federal Rules of Civil Procedure 56 and Local Rule 56. Thereafter, defendants shall file their reply to plaintiffs' response. Further briefing by the parties is not allowed, unless the party receives permission from the court.

DATED this 5 day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

Order - 5

# U.S. District Court

# District of Oregon

# Local Rules of Civil Practice

Effective June 1, 2006

## LR 56 SUMMARY JUDGMENT (See Fed. R. Civ. P. 56)

### LR 56.1 Motion for Summary Judgment (See Fed. R. Civ. P. 56)

**(a) Motion Requirements**

A motion for summary judgment must be accompanied by the following two separately filed documents:

**(1) Memorandum in Support:** The supporting memorandum must address applicable law and explain why there are no genuine issues of material fact to be tried.

**(2) Concise Statement of Material Facts:** A separately filed concise statement must articulate the undisputed relevant material facts that are essential for the Court to decide only the motion for summary judgment – not the entire case (See also LR 56.1(c) for formatting and citation instructions)

**(b) Opposition and Reply Requirements**

(1) Opposition to a motion for summary judgment must include a separately filed response to the separate concise statement that responds to each numbered paragraph of the moving party's facts by:

(A) Accepting or denying each fact contained in the moving party's concise statement; or

(B) Articulating opposition to the moving party's contention or interpretation of the undisputed material fact.

(2) After responding to the movant's numbered paragraphs, the responding party may then articulate other relevant material facts which are at issue or are otherwise necessary for the Court to determine the motion for summary judgment.

(3) In the same manner as set forth in LR 56.1(b)(1), the moving party shall reply to the responding party's additional facts.

**(c) Concise Statement: (See Appendix of Forms #17).**

(1) Facts shall be stated in separately numbered paragraphs. A party must cite to a particular affidavit, deposition, or other document (indicating both page and line number references where appropriate) supporting the party's statement, acceptance, or denial of the material fact.

(2) A party may reference only the material facts which are necessary for the Court to determine the limited issues presented in the motion for summary judgment and no others.

(3) Documents referenced in the separate concise statement shall not be filed in their entirety. Instead, the filing party must extract and highlight only the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting will be adequate.

**(d) Page Limitations**

Unless approved by the Court in advance, neither the concise statement nor any response or reply thereto, may be longer than five (5) pages. Statements in excess of that amount may be stricken by the Court with direction to counsel to further condense the statement.

**(e) Scope of Judicial Review**

Except as otherwise required by law, when resolving a motion for summary judgment, the Court has no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.

**(f) Admission of Material Facts**

For purposes of a motion for summary judgment, material facts set forth in the concise statement of the moving party, or in the response to the moving party's concise statement, will be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

**AMENDMENT HISTORY TO LR 56**

**JUNE 1, 2002**

| | |
|---|---|
| LR 56.1(a)(2) | Cross reference LR 56.1(c) – formatting and citation instructions to be included in the Concise Statement. |
| LR 56.1(b) | "…and Reply…" added to caption. |
| LR 56.1(b)(2) | Last sentence added for clarification. |
| LR 56.1(c) | Requirement to include page number and line number (where appropriate) information to the Concise Statement. |
| LR 56.1(f) | "…or in the response…" added. |

**JUNE 1, 2006**

| | |
|---|---|
| Generally | Appendix of Forms numbers updated. |
| LR 56.1(a) LR 56.1(b)(1) | The words "…separately filed.." added |
| LR 56.1(d) | The words "neither" and "nor any response or reply thereto" added<br>The word "not" stricken.<br>The word "stricken" substituted for "returned" |